WILLIAM ROHN

*v.*

IDA ROHN, Admx.

*Opinion filed October 26, 1903.*

1. EXECUTORS AND ADMINISTRATORS—*what facts constitute executor de son tort is for the court.* What facts constitute the relation of executor *de son tort* is a question for the court, although the question whether such facts exist, if in controversy, is for the jury.

2. SAME—*when party is executor de son tort.* One who takes charge of the intestate personal estate of his son at the request of the latter, who desired that there be no administration, must hold and account for the same to the widow and minor heirs in the proportion fixed by the Statute of Descent, and his attempt to carry out his son's verbal directions for a different disposition of the estate places him in the position of an executor *de son tort.*

3. SAME—*one volunteering to distribute estate assumes the liabilities of an administrator.* A father who attempts to take charge of and distribute his son's intestate property without administration must exercise the same diligence in the collection of notes due the estate as though he were a regularly appointed administrator.

4. SAME—*what acts of kindness do not create liability as administrator.* The acts of kindness or charity which will not create a liability as an executor or administrator *de son tort* are limited to such transactions as directing a funeral, paying funeral expenses and temporarily preserving the estate from loss or waste.

5. SAME—*when questions of set-off and estoppel cannot be litigated.* In an action at law by the widow, as administratrix, to enforce the liability of the defendant as an executor *de son tort*, the questions whether the plaintiff is individually estopped to enforce the demand or whether the amount claimed should be taken from her individual share of the estate cannot be litigated, such questions being of equity jurisdiction.

*Rohn* v. *Rohn*, 98 Ill. App. 509, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

LOUIS A. HEILE, (J. S. HUEY, of counsel,) for appellant.

HENRY P. HEIZER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, Ida Rohn, as administratrix of the estate of her deceased husband, William Rohn, Jr., recovered a judgment in the superior court of Cook county for $1762.50 against appellant, William Rohn, father of said William Rohn, Jr., as executor *de son tort* of said estate, in an action on the case for negligence in failing to collect a note of $1500 against George Wildner, which appellant had in his hands. The Branch Appellate Court for the First District affirmed the judgment.

The material facts appearing on the trial are as follows: William Rohn, Jr., was a partner of George Wildner in the manufacture of furniture in Chicago, and having long been ill with a fatal disease, he attempted to arrange his business affairs and property in view of his

approaching death. He had no real estate and no debts, and was averse to having his estate probated. To carry out his arrangement he entered into a contract with Wildner for the sale of his interest in the partnership to Wildner for $8500, on which $6000 was to be paid in cash or securities and Wildner was to give his notes for the remainder, one for $1000 and the other for $1500. Wildner had $1600 in mortgages and was going to raise $400 to make up $2000. He arranged to borrow $2000 from his mother and $2000 from Rudolph Rohn, brother of the defendant, for the purpose of paying the $6000. William Rohn, Jr., executed a bill of sale of his share of the partnership, dated September 28, 1893, and gave it to his wife, Ida Rohn, to be delivered upon compliance with the terms of sale. When the contemplated sale should be carried out his estate would amount to $11,000, which was all in personal property, and he said that he wanted to secure to his wife $5000 of that sum and to each of his children $3000; that he wanted to leave all his effects in the care of his father, the defendant, in whom he had perfect confidence. He died October 10, 1893, and on October 17, 1893, the defendant, in pursuance of the arrangement, took the bill of sale and delivered it to Wildner, receiving from him $6000 and two judgment notes payable to Ida Rohn, under the name of Mrs. William Rohn, Jr., one for $1000, due in two years, and the other for $1500, due in three years. The $6000 was raised by Wildner as above stated. The defendant gave to Ida Rohn, the widow, a list showing the two notes and other securities, aggregating $11,000, which was the entire estate left in his custody, as requested by the deceased. She then went with a friend and the defendant to an attorney's office, where she said that her husband was dead and it would be better to get things into proper shape in accordance with his will; that he wanted her to have $5000 and each of the children to have $3000, and she wanted a document drawn up to have the transaction shown in case any-

thing should happen, and to show that defendant held the property. The attorney drew up, according to her directions, a declaration of trust, by which defendant acknowledged that he had received from his son, William Rohn, Jr., $11,000 in notes, partly secured and partly unsecured, which he held in trust for Ida Rohn and her two minor children, in the proportion of $5000 for the former and $3000 for each of the latter. He agreed to collect interest on all the securities and pay the same to Ida Rohn during the minority of the children; to turn over her share of $5000 on demand, and $3000 to each of the children when they became of age. This declaration was signed by the defendant. He attended to the collection of the principal and interest on the securities as they matured, without any compensation, under the agreement. The $1000 note of Wildner was paid at maturity. Two annual payments of interest were made on the note of $1500, and that note matured October 17, 1896, and was not paid when due. Defendant's brother, Rudolph Rohn, had furnished said sum of $2000 when Wildner purchased the interest in the partnership, and the indebtedness had been increased to $3000, for which Rudolph Rohn had taken a chattel mortgage on the property in the spring of 1896, and Wildner also owed Rudolph Rohn nearly two years' rent. In the latter part of October, 1896, the defendant and Rudolph Rohn went to Wildner, and defendant requested payment of the note to the estate. They both wanted Wildner to pay them, and he asked for time, showing them his stock and telling them he was looking for a partner and was able to pay everybody. He asked them to wait until after the election, in November, when he would get a partner or make a stock company and would see that they were protected. There was no agreement for any extension, but neither the defendant nor Rudolph Rohn took any steps to enforce collection. In November Wildner's mother, who had loaned him $2000 to make the purchase, entered judgment on her note.

Rudolph Rohn, learning that fact, paid the judgment to her and foreclosed his chattel mortgage, leaving Wildner insolvent, and the $1500 note could not be collected. Plaintiff was appointed administratrix of her husband's estate on January 26, 1897, and on August 13, 1897, she endorsed upon the declaration of trust a receipt for $9500 in cash and all interest thereon to that date.

The defendant took charge of the property in entire good faith, without compensation, solely for the purpose of carrying out the wishes of his son. The only question of fact in controversy in the case was whether defendant was guilty of negligence in not entering judgment on the note and making an effort to enforce collection by that means.

The arguments of counsel on both sides are directed almost-exclusively to the facts, but the judgment of the Appellate Court must be treated by us as finally settling the fact that the defendant was guilty of negligence in not exercising such diligence for the collection of the note as a man of ordinary prudence would have exercised in his own affairs, and also that the loss and damage to the estate was equal to the damages assessed.

The assignments of error which we may consider relate to the giving and refusing of instructions. There were only two instructions given at the request of plaintiff, and objection is made to them on the ground that they erroneously assumed that defendant, when the note became due, occupied the position of executor *de son tort* of his son's estate, while the evidence showed that he acted simply as a trustee for Ida Rohn and her two children, individually. What facts will constitute an executor *de son tort* of an estate is a question of law for the court, but the determination of the facts, if they are in controversy, is for the jury. In this case there was no controversy whatever as to the facts creating the relation of defendant to the estate. The defendant received all the property of the estate, consisting of $11,000 in

notes and securities, of which the widow was, under the statute, entitled to one-third and the children to the balance, in equal shares. The arrangement by which the contract with Wildner had been carried out was for the benefit of the estate and in the interest of the minor children, and has not been questioned by anybody. The defendant having taken the estate into his possession and assumed its management, was bound to hold and account for it in the proportions fixed by the statute. No doubt the widow and the defendant honestly believed that by reason of the expressed wish of the deceased his estate could be divided as they attempted to divide it, and that the property could be placed in the hands of the defendant in a trust relation, as requested by the deceased, but they were both bound to know the law, and that the deceased could not change the distribution of his estate under the statute without a will, as he attempted to do. It is true that the declaration of trust was made at the request of Ida Rohn, and that the services of defendant were performed in good faith, with no other motive than to carry out the wishes of his deceased son, but the arrangement was void in law. Ida Rohn was entitled, as widow, to one-third of the estate and the minor children each to one-third, and neither she nor defendant could increase her interest to $5000. The parties were wrong in their supposition that the arrangement was binding upon the minor heirs, and the undisputed facts placed the defendant in the position of an executor *de son tort* of the estate. He was bound to exercise, so far as the estate was concerned, the same diligence in the collection of the note as if he had been a regularly appointed administrator, and there was no error in assuming that he occupied the same position and assumed the same responsibilities and liabilities as an administrator. The court refused instructions, asked by defendant, to the effect that acts of kindness, beneficence and charity do not amount to a usurpation of the office of administrator

and do not create a liability against any person. The acts done merely from kindness and charity, and for no other purpose, which do not create a liability, as we understand it, are limited to such acts as directing a funeral, payment of funeral expenses and the preservation of the estate from loss or waste, and the like, while in this case the entire estate was taken by defendant for management and distribution, including everything, in substance, that an administrator would be bound to do, but different from the provisions of the statute. The court did not err in refusing the instructions referred to.

It is further urged that the court erred in refusing to give instructions, asked by the defendant, advising the jury that if the arrangement was concurred in by the plaintiff, and the defendant held the note, with the other property, for the use and benefit of the widow and heirs of William Rohn, Jr., with the knowledge and acquiescence of the plaintiff, she would be estopped from charging him as executor *de son tort,* and that he would have the right to apply the note to her distributive share of the estate, which exceeded the amount of the note. We think the court was right in refusing these instructions. In law the plaintiff represented the estate, suing as administratrix, and the only judgment at law would be for or against the defendant on the alleged liability to the estate. Counsel have pointed out no method by which a set-off or counter-claim could be interposed in a suit at law or any estoppel be made effective against the plaintiff, representing the estate. A court of equity might look beyond the parties and determine the case upon their true relations and adjust the equities of all the parties. The minor children could not be required to bear any part of the loss, and in this suit the court could not apportion it. A court of equity may assume jurisdiction of the settlement of an estate, and in this case there was nothing to adjust except the interest of the distributees. If facts existed requiring that, as between the defend-

ant and the widow, the loss ought to be taken from her distributive share of the estate, it cannot be done in this suit, and such relief must be sought in a court of equity. Whether she, as an individual entitled to a distributive share of the estate, was in any manner responsible for his failure to collect the note is not a question in this case, and there was no error in refusing the instructions asked by defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*