First National Bank of Chicago, Trustee Under the Last Will and Testament of John F. Taylor, Deceased, Appellee and Cross Appellant, v. Cleveland Trust Company, Executor of and Trustee Under the Last Will and Testament of Lillian Prall Ludlow, Deceased, Appellant and Cross Appellee. Cleveland Trust Company, Trustee, et al., Appellees.

Gen. No. 40,572.

Opinion filed February 28, 1941.

TOLLES, HOGSETT & GINN and JONES, DAY, COCKLEY & REAVIS, both of Cleveland, and PEABODY, WESTBROOK, WATSON & STEPHENSON, of Chicago, for appellant; GEORGE D. BONEBRAKE and ROBERT W. STEVENS, both of Cleveland, and CHARLES H. WATSON and DAVID C. GOODLETT, both of Chicago, of counsel.

BERNHARD STENGE, of Chicago, for coappellants; MILTON L. KOHN, of Chicago, of counsel.

LITSINGER, HEALY, REID & BYE, of Chicago, for certain appellee and cross appellant; ELBRIDGE W. RICE, of Chicago, of counsel.

PAM, HURD & REICHMANN, of Chicago, and SQUIRE, SANDERS & DEMPSEY, of Cleveland, for certain other appellees; JOHN W. BARKLEY, of Cleveland, and FREDRIC H. STAFFORD and GEORGE W. K. SNYDER, both of Chicago, of counsel.

JULIUS A. POLIKOFF, of Chicago, for certain other appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

The Cleveland Trust Company, as executor of and trustee under the last will and testament of Lillian Prall Ludlow, deceased, appeals from a decree of the circuit court construing certain portions of the wills of John F. Taylor and Jennie B. Taylor, adverse to its contentions concerning vested interests in the principal of the trust under the will of John F. Taylor and appointment under the will of Jennie B. Taylor, and the right to income and payment of deficiencies thereunder. Plaintiff, First National Bank of Chicago, sole surviving trustee under John F. Taylor's will, which sought construction of the two wills in question, contends that the decree should be affirmed in all respects except the parts thereof directing payment to the Cleveland Trust Company on account of deficiencies in monthly payments to Lillian S. Ludlow, and directing payment of attorneys' fees to the Cleveland Trust Company; and as to these provisions of the decree they have perfected a cross appeal. Bernhard Stenge, guardian *ad litem* for the two minor children of

Harold B. Burdick, has perfected a separate appeal, contending that the interest of these minors in the construction of the will is substantially the same as the Ludlow estate with respect to the continuation of income payments, but he takes a position opposed to that of the Ludlow estate with respect to vesting of interests in the principal of the trust. The various other parties to the proceeding have disclosed their respective interests by appropriate pleadings, and, through separate briefs, are contending for substantially the same construction of these wills as the plaintiff trustee and for affirmance of the decree.

From the undisputed facts of record it appears that John F. Taylor, a resident of Chicago, died December 26, 1928, leaving a will dated Jun 17, 1926, which had been duly admitted to probate. He named his wife, Jennie B. Taylor, and plaintiff's predecessor, First Trust & Savings Bank, as executors and trustees under the will. His wife survived him, but died 10 days later, January 5, 1929. There were no children of their marriage. The First Trust & Savings Bank was discharged as executor, but continued to act as trustee under the will until plaintiff succeeded thereto; since then plaintiff has been and is the sole surviving trustee. The trust estate consisted of cash, in the approximate sum of $46,000, and securities having a total par value of $330,000.

John F. Taylor, by his will made specified gifts to his wife, Jennie B. Taylor, of personal effects, he gave $1,000 to a former employee, Frank St. Thomas, and bequeathed all the rest and residue of his estate to his wife and plaintiff's predecessor in trust. It is the trust section of the will, Article IV, that contains the principal disputed provisions. Section (a) of Article IV provides that any income from the trust was to be paid to his wife during her life. Section (b) provides that upon the death of his wife, in the event that she survived him, payments of $2,000 were to be made

to nine named children of testator's brother, William E. Taylor, "who are living at the time when such payments are made." Section (c) of Article IV, which is one of the principal items in dispute, provides that after payment of the $2,000 bequests previously specified, all the rest and residue of the estate is to be held by the trustee, "as long as any one of the following named six persons shall continue to live and as long as Carrie Belle Prall, wife of Ralph T. Prall, lives, and as long as she remains unmarried, provided she survives the said Ralph T. Prall as his widow, to-wit: (1) My nephew, RALPH T. PRALL, now residing in Youngstown, Ohio; (2) my niece, LILLIAN S. LUDLOW, wife of Arthur C. Ludlow, now residing in Cleveland, Ohio; (3) my nephew, John Prall, the brother of said Lillian S. Ludlow; (4) ELLEN R. BENNETT, now residing at Number 2791 Scarborough Road, Cleveland Heights, Ohio; (5) MARY B. BURDICK, now residing at 2791 Scarborough Road, Cleveland Heights, Ohio; and (6) HAROLD B. BURDICK, the son of said Mary B. Burdick, now residing on Grandview Avenue, Cleveland, Ohio." This section of the will provides that such trust shall terminate "upon the death of the last survivor of said six persons," and of said Carrie Belle Prall, or upon her remarriage, provided she survives Ralph T. Prall as his widow, and that "during the continuance of such trust, my said trustee . . . shall pay from the net income thereof . . . monthly, the following respective sums to the following respective persons: To *Ralph T. Prall,* $250; to *Lillian S. Ludlow,* $150; to *John Prall,* $100; to *Ellen R. Bennett,* $150; to *Mary B. Burdick,* $100; to *Harold B. Burdick,* $100."

Section (d) of Article IV of the will makes disposition of any surplus income as follows: "If there shall be any income remaining out of said trust estate after the payments hereinbefore provided for shall have been made, then such remaining income shall be paid over and distributed in semi-annual installments to

such person, or persons, corporations, institutions, or societies as my said wife may by her Last Will and Testament name and appoint to receive the same.''

Section (d), the last paragraph of Article IV of the will, provides for the distribution of the trust upon termination, and is the remaining principal item in dispute. It follows: ''Upon the termination of this trust, as hereinbefore stated, my said Trustee, First Trust & Savings Bank, shall forthwith assign, transfer, convey and set over all of the property and estate, principal and income, then held by it under the provisions of this my last will, to such person, or persons, corporations, institutions, or societies as my said wife in her Last Will and Testament may name and appoint to receive the same.''

Jennie B. Taylor died January 5, 1929. Her will, dated January 1, 1929, was likewise duly admitted to probate in Cook county, Illinois. Exercising the power of appointment given her in Article IV (d) of her husband's will, with respect to surplus income, she named Ellen R. Bennett, Mary B. Burdick and Harold B. Burdick to receive any such income from her husband's trust estate in equal shares. In the event of the death of any of these three persons prior to the termination of her husband's trust estate, her will provided that his or her share of such excess income should go to the six persons named or the survivors thereof.

She also exercised the power of appointment given her in section (d) of Article IV of her husband's will, with respect to the distribution of the trust upon termination, Article V of her will providing that one third thereof should go to the heirs at law of William E. Taylor, brother of John F. Taylor; one third to the heirs at law of Sarah J. Prall, John F. Taylor's sister; and one third to her own heirs at law, to be determined in accordance with the laws of descent in this State.

The heirs at law and next of kin of John F. Taylor at the time of his death were his widow, Jennie B. Taylor, his brother, William E. Taylor, and the children of his previously deceased sister, Sarah J. Prall, Ralph T. Prall, Lillian P. Ludlow, and John Prall. All these persons are living, except Jennie B. Taylor, Lillian P. Ludlow and William E. Taylor.

The next of kin and heirs at law of Jennie B. Taylor, under the statutes of descent of Illinois at the time of her death, were Ellen R. Bennett, a sister, and Harold B. Burdick, a nephew.

Sarah J. Prall was the sister of John F. Taylor, and predeceased both him and Jennie B. Taylor, having died September 10, 1922. Her heirs at law at the time of her death, and at the time of the death of John F. Taylor and Jennie B. Taylor, were her children, Ralph T. Prall, John Prall and Lillian P. Ludlow.

Lillian P. Ludlow, who was also known as Lillian S. Ludlow, died July 1, 1935, having been named one of the beneficiaries of the income of the trust estate in section (c) of Article IV of the will of John F. Taylor, and was one of the three heirs at law of Sarah J. Prall, who were named by Jennie B. Taylor to receive one third of the trust upon termination. Her surviving next of kin and heirs at law are her brothers, Ralph T. Prall, and John Prall. She died testate, leaving a will which was duly admitted to probate in Cuyahoga county, Ohio. The Cleveland Trust Company was named and is the duly qualified and acting executor under the will of Lillian P. Ludlow, which provided for the payment of debts and expenses, made bequests of specific articles of personal property, and devised and bequeathed all the residue of her estate to the Cleveland Trust Company in trust, naming as beneficiaries of the trust Ralph T. Prall, Edgar A. Prall, John T. Prall, Theresa Ludlow, A. Irving Ludlow and Leonora Smith, to whom specific annuities out of income for their respective lives were granted, and Allen Memorial Hospital, Oberlin, Ohio; Flora

Stone Mather College, Cleveland, Ohio; St. Luke's Hospital, Cleveland, Ohio; and Young Women's Christian Association, Cleveland, Ohio, to whom the remainder of the trust was granted.

William E. Taylor died intestate March 27, 1932, leaving surviving him as his heirs at law a widow and nine children, all of whom are still living except his widow, Mary Louise Taylor, who died testate May 1, 1932, devising her estate to the children.

Mary B. Burdick, sister of Jennie B. Taylor, died testate January 4, 1929, one day before the death of Jennie B. Taylor, and 9 days after the death of John F. Taylor. Her next of kin and only heirs at law were her husband, Halbert J. Burdick, to whom she bequeathed her entire estate, and her son, Harold B. Burdick. At the time of the death of Mary B. Burdick no distribution of the income of the corpus of the trust had been made.

Halbert J. Burdick, sole beneficiary under his wife's will, died testate January 15, 1938, leaving surviving him as his next of kin and only heir at law his son, Harold B. Burdick. By the terms of his will he bequeathed certain personal property to his son, Harold B. Burdick, and all the rest and residue of his property to the Cleveland Trust Company, to be held and managed by it under the terms of a trust agreement between him and the Cleveland Trust Company, dated February 26, 1930.

The Cleveland Trust Company, named as executor in Halbert J. Burdick's will, declined to act as such, and Harold B. Burdick, on February 2, 1938, applied to and was appointed by the probate court of Cuyahoga county, Ohio, and is the duly qualified and acting administrator with the will annexed of the estate of Halbert J. Burdick, deceased. The trust agreement provided that, subject to the rights reserved to Halbert J. Burdick during his life, the net income shall be paid to Harold B. Burdick during his life, and that

when he shall attain the age of forty-five years, the trustee shall distribute to him the trust estate which shall thereupon cease and determine, with the right, however, that the trustee may anticipate or postpone said distribution in whole or in part. In the event of Harold B. Burdick's death before final distribution, the estate is to go to his issue. He has two minor children, John Kirk Burdick and Ellen Ann Burdick, for whom Bernhard Stenge is acting as guardian *ad litem*.

The Cleveland Trust Company, as executor and trustee under the will of Lillian P. Ludlow, filed its answer admitting the facts hereinbefore set forth, the necessity of construing the wills, and it submits that the proper construction thereof is substantially as follows: (1) under an appointment by Jennie B. Taylor of "the heirs of law" of Mrs. Sarah J. Prall, to receive one third of the trust estate created in the will of John F. Taylor, upon the termination thereof, an interest in one third of the trust estate as it shall exist at the time of its termination, i. e., upon the death of the last survivor of the six named income beneficiaries, immediately vested at the time of the death of Jennie B. Taylor in those persons who were then the heirs of Sarah J. Prall, of whom Lillian P. Ludlow was one of three, Sarah J. Prall having predeceased the testatrix; (2) under the provisions of the will of John F. Taylor, directing the trustee to pay specified monthly sums to six named beneficiaries "during the continuance of the trust"—the trust to terminate upon the death of the last survivor of the six beneficiaries,— there passed to the personal representative of such deceased beneficiary, of whom Lillian P. Ludlow was one, the specified monthly payments during the continuance of the trust; and (3) before any excess income of the John F. Taylor trust should be distributed under the power of appointment given to and exercised by Jennie B. Taylor, any such excess income should be

used, first, in payment of or to apply upon prior or any subsequent deficiencies in the monthly payments to beneficiaries.

The principal controversy arises over the meaning and construction to be given to the word "heirs" in Article V of Jennie B. Taylor's will. Briefly set forth, the Cleveland Trust Company contends that under the appointment by Jennie B. Taylor of "the heirs at law of Mrs. Sarah J. Prall," to receive one third of the trust created in the will of John F. Taylor upon termination thereof, an interest in one third of the trust estate as it shall exist at the time of its termination immediately vested, at the death of Jennie B. Taylor, in those persons, including Lillian P. Ludlow, who were then the heirs of Sarah J. Prall. Plaintiff, and in general the other parties in interest, are opposed to this construction. They contend, and the decree held, that it was the true intention of John F. Taylor that the principal of the trust estate should not vest until its termination and final distribution thereof, and "at such time it will be the duty of the trustee to convey said estate as follows: one-third to the then living heirs of William E. Taylor; one-third to the then living heirs of Sarah J. Prall; and one-third to the then living heirs of Jennie B. Taylor," and that no future interest in the estate has vested in Lillian P. Ludlow or in any of the heirs of William E. Taylor, Sarah J. Prall or Jennie E. Taylor.

The reasoning whereby the Cleveland Trust Company reaches the conclusion that Lillian P. Ludlow had a vested interest is as follows: (1) John F. Taylor by Article IV (d) of his will directed the trustee upon the termination of the trust to transfer the trust estate to those appointed by Jennie B. Taylor by her last will; (2) Jennie B. Taylor, by Article V of her will, appointed, among others, the heirs of Mrs. Sarah J. Prall, sister of John F. Taylor, to receive one third of the trust estate; (3) the word "heirs" signifies those

who, at the death of the ancestor, are entitled to his property under the law of intestate succession; (4) Lillian P. Ludlow was one of the heirs of Mrs. Sarah J. Prall, the heirship being determined as of the death of the ancestor, Mrs. Sarah J. Prall, with reference to the death of Jennie B. Taylor; the law favors vesting of estates. From these successive circumstances it is then argued that upon the death of Jennie B. Taylor, Lillian P. Ludlow became possessed of a vested interest, which, upon her death, passed to her legal representative, the Cleveland Trust Company.

In support of its contention that Lillian P. Ludlow had a vested interest, counsel rely upon the general rule that "heirs" of any deceased person means, in its primary and natural sense, those who at the death of such person are entitled to his property under the law of intestate succession. They say that the question of the time for ascertaining the heirs of a person most frequently arises where a testator grants a life estate, either equitable or legal, to a certain person or persons, and grants the remainder to his own heirs, and that in such case it is uniformly held that in the absence of a contrary intention clearly manifested in the will the heirs of the testator are determined at the death of the deceased, and that the interest of any beneficiary dying before the termination of the preceding estate is vested in interest, though not in possession and enjoyment, and passes on his death to his legal representative, heirs or grantees. Various decisions and text writers are cited as supporting this rule, including *Kellett v. Shepard,* 139 Ill. 433; *Himmel v. Himmel,* 294 Ill. 557; *Clark v. Shawen,* 190 Ill. 47; *People v. Camp,* 286 Ill. 511; *Scofield v. Olcott,* 120 Ill. 362; Kales, Estates, Future Interests, etc., sec. 571. These cases for the most part involve wills where no power to appoint was conferred, and where the testator, after bequeathing or devising an estate for life, bequeathes or devises

the remainder to his own heirs. In such circumstances, the persons embraced in the class of testator's heirs are determined as of his death. The leading case of *Kellett v. Shepard*, 139 Ill. 433, illustrates that rule. The rules laid down in these cases, however, are not positive rules of law nor means of discovering the intention of a testator, but are merely applied as tests of that intention (69 Corpus Juris 597), and are therefore subordinate to the paramount rule of construction which all the parties concede to be of controlling importance, namely, that the intention of the testator is to be ascertained from a consideration of the language of the entire will, in the light of the testator's surroundings and circumstances and the state and condition of his family and property at the time the will was executed. (*Rettig v. Zander*, 364 Ill. 112; *Wells v. Dalies*, 318 Ill. 301; *Himmel v. Himmel*, 294 Ill. 557; *Knight v. Knight*, 367 Ill. 646.) It would be impossible, within the reasonable limitations of this opinion, to discuss and analyze all the cases cited and relied upon by the respective parties; nor do we consider it necessary, because, as was said in *Love v. Engelke*, 368 Ill. 342, "it is generally recognized that by reason of the variety of language used in wills, decisions construing them, while frequently helpful, are not controlling, and are less helpful as guides than are the cases upon other subjects." It is sufficient to observe that no case cited by the Cleveland Trust Company involves a factual situation similar to that in the instant case, and therefore we are impelled to be guided by the context of the wills, considered in the light of the surrounding circumstances of the Taylors, rather than by strict, technical definitions or rules, in determining the intention of the testators.

In considering the principal controversy involved, namely, whether Lillian P. Ludlow was appointed to receive any part of the remainder of the trust estate, two primary inquiries arise: (1) whether the will of John F. Taylor, construed in the light of his sur-

roundings and circumstances, empowered Jennie B. Taylor to appoint Lillian P. Ludlow, who necessarily would be dead at the time of the distribution of the property then in the possession of the trustee; and (2) whether Jennie B. Taylor intended to appoint Lillian P. Ludlow. The answer to these questions necessitates an inquiry into the general plan of the will of John F. Taylor, the state and condition of his family, and significant portions of his will, including the so-called spendthrift provision contained in Article VI, and a like inquiry into the general plan of the will of Jennie B. Taylor, the state of her family and significant portions of her will.

The plan of the John F. Taylor will was to provide adequately for his wife, to whom he bequeathed the entire income from the trust property for her life, with the right to encroach on the principal, so that she might be adequately cared for. The testator then directed that after the death of his wife the trustee pay out of the trust $2,000 to each of nine named sons and daughters of William E. Taylor, his brother, "who are living at the time such payments are due." He then directed that out of the income from the property remaining in the possession of the trustee, specific amounts be paid monthly to the sons and one daughter, who were named, of his sister, Mrs. Sarah J. Prall, and further specific sums to be paid monthly to his wife's two sisters, Ellen R. Bennett and Mary B. Burdick, and to his wife's nephew, Harold B. Burdick. The testator then directed that if there was any remaining income from the trust property it was to be paid and distributed semiannually to appointees made by his wife in her last will, and in default of appointment to his heirs. He directed that the trust was to continue until the death of the last survivor of the sons and daughters of his sister, Sarah J. Prall, the wife of one of these sons, and the two sisters and nephew of his wife, and finally, he directed that upon the termination of the trust, the trustee was to transfer the prop-

erty to appointees named by Jennie B. Taylor in her last will. In Article VI, the so-called spendthrift clause, he directed the payments to all the beneficiaries of his estate be made to such beneficiaries in person, and that no beneficiary of the trust shall have any right or power to sell, assign, incumber, charge or dispose of any right, title, interest or share in the trust estate or any property or income thereof prior to the payment or distribution and actual receipt thereof, and that no interest of any beneficiary be liable for such beneficiary's debts. Except for a legacy of $1,000 and the gifts out of the trust property of $2,000 each to the children of his brother, William E. Taylor, he made no disposition of his estate beyond the termination of the trust. However, he specified definitely the time for the termination of the trust and for the distribution of the trust property. Except in the one instance where, in Article V (d) the will directed that if Ralph T. Prall dies before Carrie Belle Prall, his wife, the $250 monthly payments payable to him in his lifetime shall be paid to Carrie Belle Prall, so long as she lives and remains unmarried, there is no provision for successorship upon the death of a beneficiary. It is therefore evident that while he intended to make complete disposition of his entire estate, it was his plan only to dispose of income to his wife for life, to dispose of only a comparatively small part of the principal to the sons and daughters of his brother, to dispose of most of the income after the death of his wife to the two sons and daughter of his sister and the wife of one of said sons after the death of that son, and to the two sisters and nephew of his wife, during the lives of these seven persons; to leave any income remaining from the trust property to persons to be appointed by his wife in her will, and to leave the corpus after the termination of the trust to appointees named by his wife in her will. All this was obviously planned upon the assumption that his wife, Jennie B. Taylor, would survive him.

When John F. Taylor made his will June 17, 1926, approximately two and one-half years prior to his death, he had a wife, Jennie B. Taylor, and no children; a brother, William E. Taylor, who had nine children; two nephews, Ralph T. Prall and John Prall, and one niece, Lillian P. Ludlow, who were sons and a daughter of his deceased sister, Sarah J. Prall. His wife, Jennie B. Taylor, had two sisters, Ellen R. Bennett and Mary B. Burdick, and one nephew, Harold B. Burdick.

It is significant that all beneficiaries of the will of John F. Taylor are mentioned by name, except those who by Article IV (d) would take the remaining income in default of appointment by Jennie B. Taylor and except those who were to be appointed to the corpus by Jennie B. Taylor. There is no express provision that in case of the death of a named beneficiary the interest bequeathed shall pass to a second or alternate taker, except in one instance. There are, however, several expressions indicating that it was the intention of John F. Taylor that only named and living beneficiaries shall take. In Article III, a legacy of $1,000 is bequeathed to Frank St. Thomas, "providing he is living at the time of my death." He made no provision for succession in the event of the death of his legatee. In Article IV (a) the trustee is directed to pay the net income of the trust estate to Jennie B. Taylor during her lifetime. Article IV (b) provides for payment of $2,000 to each of nine children of William E. Taylor who are living at the time when such payments are due. There is no provision for succession upon the death of any son or daughter of William E. Taylor. In Article IV (c) the trustee is directed to pay from the net income of the property, monthly, "the following respective sums to the following respective persons." Here again there is no provision for succession, except as heretofore noted in Article IV (d), with respect to the monthly payments provided

for Ralph T. Prall. In Article IV (d), the trustee is directed to transfer all the property, principal and income, then held by it to persons appointed by Jennie B. Taylor. All the property, principal and income, is disposed of as a single and distinct entity, and there is no suggestion of succession upon death nor is there any gift over in default of appointment, except as to the "remaining income" it is provided that in default of appointment it is to be paid to testator's heirs. Article VI provides that "payments to all the beneficiaries of my estate be made to such beneficiaries in person. . . . " Nowhere in John F. Taylor's will do any words, such as "successors," "assigns," "heirs," "legatees," "legal representatives," or any expression suggesting succession, occur.

The plan of Jennie B. Taylor's will was to provide a general legacy to Frank St. Thomas, to dispose of the residue of her own estate, one third to her sister, Ellen R. Bennett, one third to her sister, Mary B. Burdick, and one third to her nephew, Harold B. Burdick, each of these residuary legatees being mentioned by name; to exercise the power to appoint "the remaining income," which she did by appointing her sisters and her nephew, providing for succession in case of the death of any of these three appointees; and to exercise the power to appoint the trust property at the termination of the trust, which she did by appointing the heirs of William E. Taylor, her husband's brother, to one third; the heirs of Sarah J. Prall, her husband's sister, to one third; and her own heirs, to the remaining one third, but she made no provision for succession.

Although Jennie B. Taylor resided in Illinois, her will was executed in California 6 days after her husband's death, and she died 4 days later. January 1, 1929, when the will was executed she had two sisters, Ellen R. Bennett and Mary B. Burdick, and one nephew, Harold B. Burdick, son of Mary B. Burdick. She had no children. Ellen R. Bennett survived her,

but Mary B. Burdick predeceased her by one day. William E. Taylor, her husband's brother, was living, but Sarah J. Prall, her husband's sister, had been dead for about 6 years. Ralph T. Prall, John Prall and Lillian P. Ludlow, sons and daughter of Sarah J. Prall, were living.

We revert to the first inquiry, whether the will of John F. Taylor, construed in the light of his surroundings and circumstances, empowered his wife to appoint Lillian P. Ludlow, who necessarily would be dead at the time of the distribution of the property then in the possession of the trustee. It is apparent from the various provisions of the will hereinbefore set forth that it was John F. Taylor's intention that only living beneficiaries should take thereunder. If he had intended that succession should occur upon the death of any beneficiary of his will, he would have expressly provided for it as he did in the case of Ralph T. Prall. Having provided for succession in the one case and in no other an inference arises that he did not intend that others should succeed to the interests of any deceased beneficiary. (*Alderman v. Dystrup,* 293 Ill. 504.) Upon the theory advanced by the Cleveland Trust Company, that the heirs of William E. Taylor, Sarah J. Prall and Jennie B. Taylor, should be determined as of the date of the death of the latter, and thereby create a vested interest in the property in the possession of the trustee at the time of the termination of the trust, which, upon the death of any heir, is transmitted to the legal representative of such deceased heir, it would logically follow that during the lifetime of such heir he should be able to assign his interest. But this is contrary to the express provisions of Article VI, which prohibits the assignment by any beneficiary of the trust of "any property or income thereof." Furthermore, payment to a deceased beneficiary, whether named in the will of John F. Taylor or appointed by Jennie B. Taylor, cannot be made in person.

The existence of the recipient of the fund is necessary to compliance with this requirement. It was so held in *Routt v. Newman,* 253 Ill. 185.

As an indication that John F. Taylor intended to confer upon his wife a mere power to appoint persons in being to receive the property in the possession of the trustee at the termination of the trust, and that he did not intend to authorize her to appoint to deceased persons or to persons who necessarily would be dead at the time fixed for distribution in his will, it is pointed out that the power he gave his wife was not without limit; she was not authorized generally to dispose of the trust property, but could merely appoint, and could not appoint except by her will; she was not authorized to create a new trust and beneficiaries thereof to be appointed by her, nor to delegate the power of appointment. All she could do was to name "such person or persons, corporations, institutions or societies," to whom the trustee should, at the time fixed by Taylor, transfer the property then in the possession of the trustee. It would be a strained construction to hold that the scope of the words employed was intended to include deceased persons. It was held in *Northern Trust Co. v. Porter,* 368 Ill. 256, that where a donor of a power confers a power to appoint only by will, the donee cannot appoint himself, because he will be dead when the appointment becomes effective, and we think that upon the same principle the donee of a power cannot appoint other persons who are or necessarily will be dead when the appointment becomes effective. It would be incongruous to hold that Taylor had any such intention, and his direction to the trustee to pay over to the appointees named by the donee is not compatible with appointment to deceased persons.

Plaintiff's and other counsel stress the importance of Article VI, the spendthrift clause, as conclusively indicating that vesting must be postponed until distri-

bution. As heretofore pointed out, the language of this article directs that payments be made to all beneficiaries in person or upon their personal receipt, and it prohibits the assignment or other anticipatory disposition of any interest in the principal by any beneficiary prior to distribution. It is indeed difficult to conceive that if this article of the will is to be taken into consideration and given effect how any conclusion harmonious with the vesting prior to distribution could fairly be reached. The Cleveland Trust Company takes the position, however, that the provisions of Article VI do not carry over to persons appointed by Jennie B. Taylor to take the principal, and they cite in support of this contention the case of *In Re Lafferty's Estate*, 209 Pa. 44, where the annuitant was given a power to appoint his share of the income, among his children, absolutely or in trust. He appointed his share among his children absolutely. One of the children died before expiration of the trust and devised the share received from the annuitant to her executors for payment of certain annuities. The court held that inasmuch as the annuitant had validly exercised his power of appointment and had thereunder given the appointee an absolute estate, the share so appointed became the absolute property of the appointee and subject to disposition by her. That situation, however, is different from the case at bar, because we are here concerned with the original exercise of the power of appointment by the donee, and not with the disposition of a validly appointed estate by the appointee.

It is also suggested by the Cleveland Trust Company that the spendthrift provision appears as a separate and distinct article in the will, separated from the trust section by Article V, and that Jennie B. Taylor's will contains no spendthrift trust. The first of these contentions is untenable because the spendthrift trust is as much a part of the will as any other provision and is to be considered along with the whole will in deter-

mining the intentions and plan of John F. Taylor in disposing of his estate. The fact that it is separated from the trust section by another article is unimportant. The contention as to the absence of a spendthrift clause in the will of Jennie B. Taylor is equally without merit because she had only limited powers over disposal of the trust corpus. The so-called spendthrift clause is not carried over into her will but her appointments are read back into John F. Taylor's will. In *Northern Trust Co. v. Porter,* 368 Ill. 256, the court said that "the validity of an appointment, under a general testamentary power, must be determined by considering the donee's appointment as part of the instrument created by the donor," and in *Hopkinson v. Swaim,* 284 Ill. 11, it was said that "the effect of the exercise of the power by William Swaim was the same as if the trusts declared had been written in the will of James Swaim . . . ."

The remaining contention of the Cleveland Trust Company with reference to Article VI, is that it has no effect upon the vesting of the remainder interests, and various cases are relied upon which are not particularly applicable to this will, since they contain no direction to the trustee to make payments or distributions to the beneficiaries in person, which is one of the reasons urged by counsel for all parties, except Cleveland Trust Company, as indicating that there could be no vesting until the distribution of the corpus of the estate.

There remains to be considered the question whether Jennie B. Taylor intended to appoint Lillian P. Ludlow. The trustee for persons not in being presents an effective argument in support of the contention that even if Jennie B. Taylor had power to appoint deceased persons, it is scarcely conceivable that she intended to do so. It is argued that if she had intended that Ralph T. Prall, John Prall and Lillian P. Ludlow should be appointed, notwithstanding that they must be dead at the

time of distribution, she could have named them; or if realizing they must be dead at the time of distribution she had intended to appoint to their respective legal representatives, she could and would have appointed to the legal representatives of Ralph T. Prall, John Prall and Lillian P. Ludlow, instead of appointing to the heirs of Sarah J. Prall. Similarly, it is argued that had she intended to appoint to the children of William E. Taylor, who were living at the time she made her will, she could have appointed to them by name, and not as heirs of William E. Taylor, who was living when she made her will; or, if she intended to appoint only those of his children living at her death, she could so have referred to them. The same argument is made by analogy with reference to the appointment to her own heirs at law. It is obviously more reasonable to hold that she intended her heirs to be determined as of the date when distribution would be made than that she intended to appoint to deceased persons. The plan disclosed by the will of Jennie B. Taylor is fairly clear. It was evidently her purpose to appoint two thirds of her husband's estate to his branch of the family, and one third to hers,—a natural arrangement in view of the family situation. Jennie B. Taylor's will must have been drawn hurriedly, because it is dated only 6 days after her husband's death and 4 days prior to her own, and she probably appreciated the impossibility of properly exercising the power by appointing any of the recipients of the monthly payments from income, of which Lillian P. Ludlow was one, because of necessity they would all be dead at the time of such distribution. She must also have realized that she could not, with certainty, name any specific person who would be in existence at the time of such distribution, and therefore named as appointees three classes of persons, some of each of which would be in existence at the time of distribution, but whose identity could only then be ascertained.

Jennie B. Taylor's intention becomes material only on the question as to whom she intended to appoint, and in seeking to answer this question, the time when the persons appointed by her would take according to the provisions of her husband's will, is of strong significance. To this extent the will of John F. Taylor may be considered in ascertaining the intention of Jennie B. Taylor, because his will is the source of her authority to appoint, and it was in view of the time fixed for distribution in her husband's will that she appointed the heirs of William E. Taylor, the heirs of Sarah J. Prall, and her own heirs. She undoubtedly knew that the time fixed for distribution was as of the date of the death of the beneficiaries of income named in her husband's will, and that Ralph T. Prall, John Prall and Lillian P. Ludlow were among those named income beneficiaries. She also knew that the heirs of Sarah J. Prall, determined as of the latter's death, were Ralph and John Prall and Lillian P. Ludlow, and that if the heirs of Sarah J. Prall were to be determined as of the latter's death, the death of those heirs must occur before the trustee could distribute the corpus. It would do violence to many of the provisions of the will to hold that she intended to appoint persons to receive the trust estate who must necessarily be deceased at the time the estate was to be distributed. From these considerations it seems logical to conclude that she intended to appoint those who would be of the class of heirs of William E. Taylor, of Sarah J. Prall, and of herself, to be determined as of the date of distribution. We think the court properly held that the interests in the principal of the trust will not vest until the termination of the trust, and therefore Lillian P. Ludlow acquired no interest therein.

The second question submitted to the court is whether in the event of the death of any of the named monthly recipients of net income prior to termination of the trust there would descend to the personal representa-

tives of such decedent any interest in the net income of the trust estate. The decree found that it was the intention of the testator that the trust should be for the exclusive benefit of those named in the will or appointed under the power granted, who should be living at the time or times of distribution thereunder of principal and income of such trust; that the testator did not intend that if any of those named to receive monthly payments of net income should die prior to the termination of the trust, there should descend to the personal representatives of such party any interest in the net income of the trust estate; and that on the death of Mary B. Burdick and Lillian P. Ludlow no interest in the net income descended to their legal representatives.

The testator's directions with reference to the payment of income from the trust estate were that after the death of his wife his trustee should pay $2,000 to each of the children of his brother, and then hold, invest, manage and control the remainder of the trust estate, as long as Ralph T. Prall, Lillian P. Ludlow, John Prall, Ellen R. Bennett, Mary B. Burdick, and Harold B. Burdick should continue to live, and as long as Carrie Belle Prall, wife of Ralph T. Prall, should live and remain unmarried, provided she should survive her husband; and that upon the death of the last survivor of the foregoing named six persons and of Carrie Belle Prall, or upon her marriage if she should survive her husband, the trust should terminate; that from the net income of the trust the trustee should pay monthly to Ralph T. Prall, $250; to Lillian S. Ludlow, $150; to John Prall, $100; to Ellen R. Bennett, $150; to Mary B. Burdick, $100; and to Harold B. Burdick, $100, and that if Carrie Belle Prall should survive her husband, the trustee should pay to her as long as she lives and remains unmarried, $250 a month; that if there should be any net income remaining after the payments so provided for, shall have been made, such remaining in-

come should be paid over and distributed by the trustee in semiannual instalments to such persons as his wife should by her last will and testament name and appoint to receive the same; that all payments of income should be made to the beneficiaries in person, or upon their personal receipt, and that such beneficiary should not have any right to sell, incumber, alienate or dispose of his right, title or interest or share in the income of the trust estate prior to payment and actual receipt thereof, and that such interest shall not be liable for the beneficiary's debts.

The Cleveland Trust Company and the guardian *ad litem* contend, however, that the monthly payments of income are in the nature of annuities, and a considerable portion of their briefs are devoted to a consideration of annuities and authorities purporting to hold that such annuities are not terminated by the death of the annuitant, but pass to his personal representative. The cases cited are not in point on the question involved because under the direction given by John F. Taylor to his trustee to make the monthly payments of income to the named beneficiaries as long as any one of them should continue to live, in each instance provision was made for payment to such beneficiary in person or upon his personal receipt.

We think the case of *Routt v. Newman,* 253 Ill. 185, is precisely in point on the question under consideration. There, as here, it was provided that payment of income was to be made to the beneficiary during the continuance of the trust, and that the trust was to continue until all the income beneficiaries were deceased, and was then to terminate. There, as here, counsel urged that the directions to the trustee to pay income periodically to the beneficiary constituted an annuity that vested in the beneficiary until the termination of the trust. The court held adversely to this contention, however, and said: ''It is provided that 'any person under the terms of this said trust who shall become the

recipient of the said remaining income, or any portion thereof, shall have same paid to him, her or them in cash and in person into their hands, and not to be paid upon any written or verbal order nor upon any assignment or transfer by any such person.' *The continued existence of the recipient of the fund was necessary to a compliance with this requirement.*" (Italics ours.) The claim to income by the representative of the deceased beneficiary in that case was denied, and it was held that any income which he might have received, if living, not having been disposed of by the will, descended to the heirs of the testatrix. The language of the Taylor will is more definite and more restrictive than was the Newman will, and we think it precludes the existence of any right to income in the personal representative of Lillian P. Ludlow.

In arguing the question in their briefs counsel for the parties who seek to sustain the decree make an analysis of the many provisions of the will to show the testator's intent, but it would be a mere repetition of much of what has already been said to prolong the discussion. We think it was clearly intended by the testator that monthly payments of income should cease upon the death of a beneficiary, and that no interest in any of·the net income passed to the personal representative of Lillian P. Ludlow upon her death. The *Routt* case sustains this conclusion.

The third question of construction submitted to the court was whether the payments of income, which would have otherwise been paid to Mary B. Burdick and Lillian P. Ludlow had they lived, should after their death have been accumulated until termination of the trust, or whether it constituted the income referred to in paragraph (d) of Article IV of John F. Taylor's will as "income remaining out of said trust estate after the payments hereinbefore provided for have been made." The court by its decree found that John F. Taylor did not intend that if any of the parties

named in paragraph (c) of Article IV of his will (which included Mary B. Burdick and Lillian S. Ludlow) should die prior to the termination of the said trust, that such portion of the net income, as would have otherwise been paid to such decedent had he or she lived, should be accumulated until the termination of the trust, but that it was the intention of the testator that all such portion, remaining from time to time after current payments to the living beneficiaries had been made, should become and constitute income referred to by the testator in paragraph (d) of Article IV of his will, as "income remaining out of said trust estate after payments hereinbefore provided for shall have been made," and should accordingly be paid over and distributed in semiannual instalments to the persons named and appointed to receive such remaining income by the will of Jennie B. Taylor. The record discloses that deficiencies in the monthly payments of income, which the trustee was directed to pay the different beneficiaries, did occur, and that the total amount of those deficiencies in the amounts which Lillian P. Ludlow would otherwise have received aggregated $1,183.47. However, during the earlier part of the trust period she received in addition to these monthly payments her distributive shares of the "remaining income," totaling $2,060.30, indicating that deficiencies of the lean years had more than been made up by later surpluses.

The question as to whether deficiencies in periodical payments to a beneficiary under a will should be paid out of subsequent accumulations is, like other questions arising in the construction of the will, to be determined in accordance with the intention of the testator. (3 Corpus Juris Secundum, p. 1382, sec. 5 (c).) The will of John F. Taylor clearly indicates his intentions as to the fund out of which the monthly payments should be made, and the disposition that should be made of any remaining income. To repeat the various provisions

of the will would unduly extend this already lengthy opinion. We are satisfied, however, that the decree properly construed the will as to his intentions in this respect, and the courts, under like circumstances, have so held. (*In Re Pierce's Estate,* 56 Wis. 560; *Comstock v. Comstock,* 78 Conn. 606.) In the latter case the court said that "each year is made a final period." In *Fate v. Fate,* 295 Ill. App. 271, the court, under similar circumstances, held that there could be no payment of deficiencies from surplus, and various other cases cited in the foregoing decisions and in plaintiff's brief are to the same effect.

On cross appeal, the First National Bank, as trustee, seeks a reversal or modification of the decree with reference to past due income, ordered to be applied from month to month as received, pro rata, to payment of deficiencies to Lillian P. Ludlow and others. After the complaint herein was filed certain defaulted interest on bonds belonging to the trust estate was paid to the trustee, and by an amendment to the complaint the court was requested to instruct the trustee as to what disposition should be made of these and other like payments as they are received. The decree directed that such payments be applied from month to month as received, pro rata, to the payment of deficiencies existing in monthly payments to beneficiaries, and that such pro rata payments on account of deficiencies in payments to Lillian P. Ludlow during her lifetime be paid to the Cleveland Trust Company as executor of her will. This provision is inconsistent with the rest of the decree, and for the same reasons as are hereinbefore discussed is contrary to the intent of the testator as indicated in his will. Such payments, if made, cannot be made personally to Lillian P. Ludlow, as required, and would be the result of a testamentary conveyance by her of an interest in the income of the trust estate prior to receipt thereof by her. Such payments would also become subject to payment of her debts and would result

in the application of income received by the trustees after her death to the payment of benefits that were required to be paid out of the net income of the month or months in which the deficiency occurred. It was held in *Mutual Ben. Life Ins. Co. v. Herold,* 198 Fed. 199, that past due income constitutes income of an estate as of the date that it actually is received, and that seems to us to be a sound rule. Therefore this part of the decree should be reversed and it is so ordered.

The only remaining question relates to the allowance of attorneys' fees. When the hearing of the cause had been concluded before the chancellor it was suggested that attorneys participating confer, and, if possible, reach an agreement as to fees to be taxed against the trust estate. As the result of this conference plaintiff trustee indicated that it would be willing to have the value of the estate considered as $300,000, and that upon this basis the allowance of fees should not exceed 5 per cent of that amount, or $15,000. The fees allowed were slightly in excess of this amount, namely, $18,000, and this amount included $3,500 allowed to the Cleveland Trust Company. The principal complaint upon the cross appeal of plaintiff trustee is that since the necessity of filing these proceedings arose out of the contentions made by the Cleveland Trust Company, and it having failed to prevail in having the will construed according to its contentions, no attorneys' fees should be allowed to the Cleveland Trust Company because as a result of the litigation it is shown to have had no interest in the construction of the will. It is also urged that the principal attorneys for Ralph T. Prall et al., as well as those for the Cleveland Trust Company, were nonresident and nonlicensed to practice in Illinois, and therefore that these parties are not entitled to fees. The record discloses, however, that the Cleveland attorneys appeared with permission of the court, and were also represented by associate local

counsel. All the different interests participated in the proceedings and their pleadings indicate that they were all in accord that the will required construction in the several respects indicated. It seems to us, therefore, that the allowance of fees was proper. The aggregate amount allowed by the decree was only $3,000 more than the 5 per cent aggregate of $15,000 which plaintiff trustee had indicated as being reasonable, and this excess of $3,000 was apportioned among some five different parties.

It is ordered that the decree of the circuit court be affirmed in all respects except that part thereof which directed payment to the Cleveland Trust Company on account of deficiencies in monthly payments to Lillian P. Ludlow, and as to that part the decree is reversed.

*Decree affirmed in part and reversed in part.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.