230 F.2d 115
 Abby Beveridge BAUM, Plaintiff-Appellee,
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF
CHICAGO, as Trustee under the Last Will and
Testament of Abby L. Eddy,
Defendant-Appellant, Norman
Crawford, Appellee.
 No. 11388.
 United States Court of Appeals Seventh Circuit.
 Jan. 11, 1956.
Rehearing Denied Feb. 23, 1956.
 
 William D. Doggett, Chicago, Ill., Herbert A. Friedlich, Chicago, Ill., for appellant.
 Thomas Hart Fisher, Norman Crawford, Chicago, Ill., for appellees.
 Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 In a suit for construction of the will of Abby L. Eddy, deceased, and for other relief, the district court entered a final decree. By a subsequent order it allowed to attorneys and guardians ad litem fees and reimbursement for expenses incurred. An appeal from the final decree aforesaid was taken by plaintiff Abby Beveridge Baum[1] only. Our decision on that appeal (No. 11389) has been filed.[2] Only the trustee has appealed from said subsequent order and its appeal is limited to that part of the order making allowances to the attorney for Mrs. Baum and directing the trustee to pay said attorney said sums out of the corpus of the trust estate created under said will. The trustee says that it prosecutes this appeal because the will did not require construction by the court, and such allowance to plaintiff's counsel was, therefore, improper and erroneous.
 
 
 2
 Mrs. Baum, by her attorney, has moved this court to dismiss the appeal on the grounds that (1) an appeal will not lie from a judgment upon this issue of costs alone, (2) the trustee consented and waived objections to the entry of the order appealed from, (3) the trustee is estopped from seeking a review of the order appealed from because the trustee accepted a benefit thereunder, and (4) this appeal should be dismissed, or alternatively the order appealed from should be affirmed, upon the ground that the trustee is bound by the prior judgment construing the will of Abby L. Eddy. We reserved ruling on the motion. These same grounds are relied upon in her brief, in which she also contends that the will is sufficiently ambiguous to require construction by the court.
 
 
 3
 1. Mrs. Baum insists that an appeal will not lie from a judgment upon the issue of costs alone. She points out that, under Illinois law, attorneys' fees are taxable as costs in cases brought for the construction of ambiguous wills. She further calls attention to the Illinois law that, in allowing such fees, it is immaterial that the court construes the will adversely to the contentions of the plaintiff. Guerin v. Guerin, 270 Ill. 239, 110 N.E. 402.
 
 
 4
 To the extent that pertinent provisions of the will in this case are ambiguous, the district court was authorized to make an allowance of fees and expenses to the attorney who instituted the suit. The district court made such an allowance to that attorney, and its action in so doing is challenged by the trustee both in the district court and here on the ground that there was no ambiguity in the will and hence the court had no power to make such an allowance. The trustee's appeal from the district court's order making the allowance clearly raises the question of whether the will required construction by the court.
 
 
 5
 In Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909, it was held that when the power of the court to assess costs against either party is not in dispute, or the mere amount to be fixed is in issue, appeals on such questions alone are not allowed. The court at page 83 of 265 U.S., at page 483 of 44 S.Ct., said:
 
 
 6
 'But the rule is not absolute and should not be enforced when the trial court assumes the power to assess as costs against a fund or a party expenditures of a class not legally assessable as such. Where a question of this kind is made, appeals have been allowed. Thus in Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, an appeal was allowed from a decree in equity solely for costs, when the question was whether they could be properly paid out of a fund in the control of the court.'
 
 
 7
 Accordingly, we hold that the present appeal lies.
 
 
 8
 2. The district court conducted a hearing upon the various petitions for fees and expenses. The court had before it, not only the petition of plaintiff's attorney, but also those of the trustee itself, the attorney for Albert J. Beveridge, Jr., and The Presbyterian Hospital of the City of Chicago, as well as the petitions of two guardians ad litem on behalf of themselves and their attorneys. The court thereupon made an allowance to the attorney for Mrs. Baum of $4,410, 'as the fair and reasonable value of the legal services rendered by him on her behalf in connection only with the will construction phase of this cause', and $197.47 for costs and expenses advanced. The trustee in this court raises no question as to the reasonableness of the amounts thus fixed. It levels its attack upon the propriety of any allowance to plaintiff or counsel in connection with a construction of the will.
 
 
 9
 Mrs. Baum now contends that 'having voluntarily waived all objections below to an allowance of fees by so stating, and by submitting to the trial court that there was no question before it other than the proper amount of the allowance, and by paying without objection all of the other fee allowances, including its own attorneys, under the judgment here appealed from, the trustee is now without standing to appeal.' She contends that the trustee consented and waived objection to the entry of the order appealed from.
 
 
 10
 We have examined the record of proceedings before the district court. We find that the trustee did not consent, or waive objection, to the entry of the order in question. The trustee's attorney made it clear to the court that it was persisting in its objection to any fees or expenses being allowed to plaintiff because the will was 'perfectly plain' and 'there was not any real reason for construing' it.
 
 
 11
 We are unconvinced by the argument of Mrs. Baum in her brief herein that the trustee is without standing to appeal from that part of the order granting allowances to her attorney because without objection it paid fees allowed in the same order to other attonreys, including its own. The propriety of the payments to others than Mrs. Baum's attorney is not before this court. We must consider this appeal on its own merits.
 
 
 12
 3. Mrs. Baum in her brief argues that 'since the fee order appealed from confers a benefit on the trustee in that it awarded the trustee the full attorney's fees it asked for, the trustee is estopped from seeking a review of the order.'
 
 
 13
 The doctrine of estoppel has no application to this situation. The real parties in interest, as far as this allowance of fees and expenses is concerned, are Mrs. Baum's attorney, on the one hand, and the beneficiaries in the trust, on the other hand. The trustee is in a position analogous to a stakeholder of a fund so far as the doctrine of estoppel is concerned. To the extent that it was permitted by the court's order to pay out part of the trust fund to satisfy the claim of its lawyer for services rendered and its own claim in connection with the pending suit, it was satisfying its personal demands against the fund. Unaffected thereby was its subsisting duty to safeguard the trust fund from disbursements which it felt were unwarranted. In this dual capacity it had a right to appeal from that part of the order which directed it to pay Mrb. Baum's attorney's fees and expenses. An act done by one in his or its individual capacity will not estop one in his capacity as a trustee for others. Rohn v. Rohn, 98 Ill.App. 509, at page 514, affirmed 204 Ill. 184, 68 N.E. 369. Cf. 31 C.J.S., Estoppel, § 133, p. 402.
 
 
 14
 4. Mrs. Baum argues that the judgment of the district court construed the will and, therefore, the trustee is precluded under the doctrine of res judicata from contending that the will is unambiguous with the result that the court should not have allowed fees. However, we have held that the will, with the exception of the fifth article, is clear and unambiguous. Whatever may have been the effect of the judgment of the district court when entered it was not conclusive in view of the appeal therefrom, which we disposed of in case No. 11389, supra. The point now made by Mrs. Baum is not well taken.
 
 
 15
 For the reasons above given, the motion to dismiss this appeal is denied.
 
 
 16
 5. In case No. 11389 we have held that the contention of Mrs. Baum that the major relevant provisions of the will, as contained in the fourth article, are ambiguous and require construction by a court, is incorrect. We have also in that case held that her contention that an ambiguity requiring construction exists in the fifth article pertaining to the interest of The Presbyterian Hospital of the City of Chicago, is well founded. However, we held in that case that the hospital's interest cannot vest or become distributable to it until Mrs. Beveridge, who was 69 years old when the suit was filed in 1951, dies, and then only if no issue of her or Spencer Fayette Eddy survives her.
 
 
 17
 It is thus apparent that the only ambiguity in this will which can support an allowance of attorneys' fees and expenses to Mrs. Baum's attorney, is that contained in the provision in reference to the hospital. It is obvious that the district court, in fixing such fees and expenses considered services rendered by her attorney involving other parts of the will. For that reason it will be necessary to reverse the order from which an appeal has been taken and remand this case to the district court for the purpose of entering an order for fees and expenses in favor of Mrs. Baum's attorney, consistent with the views herein expressed. It will be so ordered.
 
 
 18
 DUFFY, Chief Judge (dissenting).
 
 
 19
 The majority opinion acknowledges that plaintiff's attorney was entitled to an allowance for fees in some amount. On this appeal, the Trustee did not question the reasonableness of the amount awarded, but contended no award of attorney fees in any amount should have been made on the theory that the will was unambiguous. The majority opinion now holds that because all of plaintiff's contentions as to ambiguity were not sustained by this Court, the case must be sent back for the trial judge to make a new award of attorney fees based upon some kind of an apportionment of his services. I think this is a most unrealistic approach.
 
 
 20
 The appeal in No. 11389 presented several difficult questions for decision. Although the majority opinion now indicates that the Fourth Article of the Will was not ambiguous, nearly one page of that opinion as printed was used in explaining what the testatrix meant when she used the word 'vest.' On a subsequent page, we discussed what the testatrix meant in requiring the Trustee to furnish a written statement 'to each beneficiary.' In the opinion of the writer of this dissent, both of these questions are close. The fact that the majority says there is no ambiguity doesn't change the fact that considerable explanation was required in determining what the testatrix meant. In fact, on this appeal, none of the questions presented by plaintiff-appellee were frivolous. There was a legitimate area for a difference in legal opinion.
 
 
 21
 As a practical matter how can the trial court, with any accuracy, divide up the entire time which plaintiff's attorney used in preparing for trial and conducting the trial between appellant's contentions as to the Fourth Article and the Fifth Article of the Will?
 
 
 22
 Furthermore, it is settled Illinois law that in making an allowance of attorney fees, it is immaterial that the Court construes the will adversely to the contentions of plaintiff. Hitchcock v. Board of Home Missions, 259 Ill. 288, 102 N.E. 741; First Nat. Bank of Chicago v. Cleveland Trust Co., 308 Ill.App. 639, 666, 32 N.E.2d 964. The test is not whether the attorney was on the winning or losing side. Kingsley v. Montrose Cemetery Co., 304 Ill.App. 273, 294, 26 N.E.2d 613. In my opinion what the majority opinion directs is contrary to Illinois law which should prevail.
 
 
 23
 The award of attorney fees made by the trial court was modest in amount. In my judgment, upon remand the trial court might well allow the same amount as heretofore awarded. Probably another appeal would follow. I object to this unnecessary prolonging of this litigation.
 
 
 
 [1]
 Referred to herein as Mrs. Baum
 
 
 [2]
 7 Cir., 230 F.2d 177