WILLIAM ROUTT, Trustee, Appellee, *vs.* CHARLES S. NEWMAN, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. WILLS—*when bequest is one of income and not rent charge or annuity.* Where the legal title to certain lands is devised to a trustee for the life of the survivor of four sons, with a contingent remainder in fee to those who should then be the heirs of the body of the testatrix, or in default of such heirs to her heirs generally, and the trustee is directed to manage the property and after paying the expenses of management out of the rents and profits to pay one-fourth of the remaining income to each of the four sons, the bequest is one of income and not a rent charge or annuity.

2. SAME—*annuity defined.* An annuity, technically, is a certain yearly sum granted to a person in fee or for life or years, chargeable only on the person of the grantor, but in a broader sense the term is used to designate a fixed sum payable periodically, subject to such limitations as the grantor may impose, and it may be chargeable on real estate as well as on the person.

3. SAME—*when time for paying share of income is limited to life of recipient.* Though a will creating a trust in the income of certain property for the four sons of the testatrix until all are dead provides that the share of any son dying during the continuance of the trust shall go to his children during the continuance of the trust, and if he has no children then one-half shall go to the widow during the continuance of said trust, yet if it is also

provided that any person who shall become the recipient of the remaining income "shall have the same paid to him, her or them in cash and in person into their hands," the continued existence of the recipient is an essential element of the gift, and upon the death of a child, during the continuance of the trust, who has been the recipient of the income through his father's death, his interest ceases and does not pass to his mother for the remaining period of the trust.

CARTER, C. J., and FARMER and COOKE, JJ., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

ANGUS ROY SHANNON, for appellant.

DYRENFORTH, LEE, CHRITTON & WILES, (GEORGE A. CHRITTON, and STUART D. WALLING, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The will of Caroline Newman devised certain real estate to William Routt in trust, to rent, make reasonable repairs, pay taxes and assessments, insure, and to pay the remaining income to her four sons, Harvey R., Benjamin L., Charles S. and Henry J., one-fourth to each in person, and not upon any written or verbal order or upon any assignment or transfer by either or any of her sons. The will then proceeds as follows:

"Second b—Upon the decease of either or any of my said sons during the continuance of this trust, his share of the remaining income shall go to the child or children of his body during the continuance of this trust, and in case said son leaves him surviving no lawful child or children of his body, then one-half of his said share shall go to his surviving widow (during her lifetime) during the continuance of said trust, and the other half of his said share shall

go equally among my surviving sons during continuance of said trust, and in case said son leaves him surviving no lawful child or children of his body and no widow, then his share shall be divided equally among my surviving sons during the continuance of said trust. Any person under the terms of this said trust who shall become the recipient of the said remaining income, or any portion thereof, shall have same paid to him, her or them in cash and in person into their hands, and not to be paid upon any written or verbal order nor upon any assignment or transfer by any such person.

"Third c—This trust is to continue until all of my said sons will have become deceased and then to cease and be determined.

"Fourth d—At the termination of this said trust the said lands and buildings thereon shall vest in the heirs of my body then living, *per stirpes,* and in default of such heirs to vest according to the laws of the State of Illinois now in force."

The residue of the testatrix's property was devised to the four sons. By a codicil the testatrix afterward withdrew a part of the real estate mentioned from the operation of the trust and devised it specifically in fee simple to the four sons. After the death of the testatrix Harvey R. Newman died, leaving no child or widow; then Henry J. Newman died, leaving Charlotte L. M. Newman, his widow, and one child, Richard W. Newman; then Benjamin L. Newman died, leaving a widow and no children; and afterward Richard W. Newman, the son of Henry J. Newman, died at about the age of thirteen years, leaving his mother, Charlotte L. M. Newman, his only heir. The trustee havng filed a bill asking for the appointment of a trustee as his successor and the taking of an account, all the parties in interest were brought into court, and the question was presented whether, under the will of Caroline Newman, Charlotte L. M. Newman was entitled, upon the death of her son, to

receive, during the continuance of the trust, the portion of the net income which her son would have received had he lived. The circuit court of Cook county decided this question in her favor, and the Appellate Court affirmed the decree and granted a certificate of importance and appeal to Charles S. Newman.

Neither the lands nor the rents and profits were devised to the sons of the testatrix. The legal title of the lands was devised to the trustee for the life of the survivor of the four sons, with a contingent remainder in fee to those who should then be the heirs of the body of the testatrix, and in default of such heirs of the body then to her heirs generally. The management of the property was also given to the trustees, and only the remainder, after paying out of the rents and profits the expenses of such management, was directed to be paid to the sons. The net income thus directed to be paid to the sons was neither a rent charge, (*DeHaven* v. *Sherman,* 131 Ill. 115,) nor an annuity. An annuity, technically, is a certain yearly sum granted to a person in fee or for life or for years, chargeable only on the person of the grantor. It is used in a broader sense to designate a fixed sum payable periodically, subject to such limitations as the grantor may impose, and it may be charged on real estate as well as on the person. (2 Am. & Eng. Ency. of Law, 387.) The sums directed to be paid to the sons are not fixed and the payments are not periodical. The bequest is only one of income, whatever the amount may be and whenever it may be paid. (*Pearson* v. *Chase,* 10 R. I. 455; *Bartlett* v. *Stater,* 53 Conn. 102; *Whitson* v. *Whitson,* 53 N. Y. 479.) There may be no material difference in the rights of the parties in this case whether the bequest is of income or of an annuity, but counsel for the appellant has stated in his petition for a rehearing that the appellant's whole case is based upon the fact that it is an annuity.

The words of the will to be construed are, "upon the decease of either or any of my said sons during the continuance of this trust, his share of the remaining income shall go to the child or children of his body during the continuance of this trust." In their ordinary sense they seem to indicate clearly enough that the child, under those circumstances, shall receive the income until the death of the last of the sons shall terminate the trust; and this view is strengthened by the fact that in the same sentence and in the immediately succeeding clause it is said, "and in case said son leaves him surviving no lawful child or children of his body, then one-half of his said share shall go to his surviving widow (during her lifetime) during the continuance of said trust," indicating that the question of the continued life of the second taker after the death of a son had the consideration of the testator. There is, however, other language in the will entirely inconsistent with the continuance of the payment of the income to the representative of a deceased child of one of the sons. It is provided that "any person under the terms of this said trust who shall become the recipient of the said remaining income, or any portion thereof, shall have same paid to him, her or them in cash and in person into their hands, and not to be paid upon any written or verbal order nor upon any assignment or transfer by any such person." The continued existence of the recipient of the fund was necessary to a compliance with this requirement. The portion of testatrix's property included in the trust was manifestly intended to be placed beyond the reach of creditors of the beneficiaries, and that object was an important part of her scheme. She gave other property to her sons in fee simple, but the control of this portion she intended should be so restricted that neither the land itself nor the income could be reached by any creditors during the lifetime of any of her sons. The language quoted is first used in regard to the sons and is then repeated as applying to their children, and in our judgment

limits the time during which a share of the net income shall be paid to any child of a son, to his lifetime.

It might be said that this language does not exclude Charlotte L. M. Newman, but only makes payment of the income to her subject to the same terms as the payment to her son. But Charlotte L. M. Newman cannot become the recipient of the income under the terms of the trust. She is not mentioned in the will nor is she within any class mentioned in the will. If she receives any part of the income it is as the next of kin of her son, to whom, only, it is given under the terms of the trust. If the payment to her son does not terminate with his death, then such payment must be made to an administrator, who would then be the recipient under the terms of the trust, and would administer the sum received from the income, together with all the assets of the estate, according to law, and pay it, without restriction, to the persons entitled to receive it. It happens that the son here died during his minority, but this cannot affect the character of his interest. Had he been an adult, able to contract debts, the effect of the continuance of the payment of the income after his death would have been to subject the income to the payment of his creditors. This would be a manifest perversion of the intention of the testatrix, by the creation of the trust, to prevent this very thing.

The question arose upon demurrer to the cross-bill of Charlotte L. M. Newman. Her claim, under the will, to the whole of the share of her son, as his representative, cannot be sustained. The four-twelfths parts of the income which he was receiving at his death not having been disposed of beyond his lifetime, the remainder thereof, during the life of Charles S. Newman, descended to the heirs of the testatrix. The record does not show who those heirs were. Whether there were other children than the four sons, or children of deceased children, does not appear. We cannot, therefore, direct what decree should be entered.

The decree is reversed and the cause remanded, with directions to sustain the demurrer to the amended supplemental cross-bill and for further proceedings in conformity with this opinion.

*Reversed and remanded, with directions.*

CARTER, C. J., and FARMER and COOKE, JJ., dissenting.