(No. 12094.—Decree affirmed.)
MARY DALY FITZGERALD, Appellant, *vs.* FLORENCE M. DALY *et al.* Appellees.

*Opinion filed June 20, 1918.*

1. REGISTRATION OF TITLE—*husband of defendant cannot testify for wife where applicants are suing as heirs-at-law.* Where applicants to register title are suing as heirs-at-law the husband of one of the defendants, acting as guardian *ad litem* for his insane wife, cannot testify in her behalf.

2. DEEDS—*delivery depends upon intention of grantor—subsequent devise.* Delivery of a deed is largely a matter of intention of the grantor, and in case of an actual delivery the fact that the grantor afterwards devised the same property to another will not divest title.

3. SAME—*what evidence is not sufficient to show delivery.* Testimony by the notary public who prepared a deed and who had had considerable experience in that work, that he thought he had probably instructed the grantor to make delivery of the deed to the grantee, is not sufficient to show such delivery, where the only recollection of the witness is that the grantor gave him the deed and told him not to record it until after the grantor's death.

4. WILLS—*an executory devise is a substantial interest.* While an executory devisee does not take a vested interest until the devise takes effect in possession, the devise is not a mere possibility but is a substantial interest in the estate.

5. SAME—*rule as to descendibility of an executory interest.* If the person who will be entitled to an executory interest cannot be known until the happening of the contingency the executory inter-

est does not pass by descent, but if the identity of the executory devisee is certain, so that upon the happening of the contingency he will take the estate, the future interest descends to his heirs although he may die before the contingency happens.

6. SAME—*when interest of an executory devisee descends to his heirs.* A devise of described land to a named brother of the testator in fee provided he survives the testator ten years, otherwise the land to go in fee to a named son of the first devisee, creates an executory interest in the son which descends to his heirs though he dies during the lifetime of the first devisee, and if the latter dies before the expiration of the ten-year period the land goes to the heirs of the executory devisee.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOSEPH P. MAHONEY, for appellant.

JAY CLIFFORD McCALLY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This appeal is from a decree of the circuit court of Cook county ordering title in fee simple in the appellees, Florence M. Daly and Irene M. Daly, to lot 88, in block 1, of Sampson & Greene's addition to Chicago, to be registered. The appellant, Mary Daly Fitzgerald, was made a defendant, and being insane, her husband, Richard Fitzgerald, was appointed her guardian *ad litem* and answered, committing her rights and interests to the protection of the court and claiming title in her by virtue of a deed from Joseph B. Daly. The examiner of titles found and reported that there was no competent evidence that the deed was delivered and recommended that it should be removed as a cloud upon the title of the appellees. The court confirmed the report and entered a decree accordingly.

On March 9, 1899, Joseph B. Daly, the owner of the lot, while at the home of his sister, the appellant, Mary Daly Fitzgerald, made and acknowledged a warranty deed

of the same to her. The deed was in the possession of Henry D. Schumacher, the notary public who drafted it and took the acknowledgment, from the time when it was made until eighteen months after the death of the grantor, when it was obtained from him by Richard Fitzgerald and recorded. On January 17, 1907, Mary Daly Fitzgerald was adjudged insane and has so remained since that time. About eight years after making the deed Joseph B. Daly on February 27, 1907, executed his last will and testament, containing the following devise of the lot:

"*Second*—I give, devise and bequeath to my beloved brother, Matthias B. Daly, the property known as No. 533 West Thirteenth street, Chicago, Illinois, or lot eighty-eight (88), in block one (1), in Sampson & Greene's addition to Chicago, to have and to hold in fee simple, provided the said Matthias B. Daly shall survive me ten years, but should the said Matthias B. Daly die before the lapse of ten years after my death, I give, devise and bequeath the said property to his son, Matthias B. Daly, Jr., to have and to hold the same in fee simple."

Joseph B. Daly died on August 2, 1907, leaving as his heirs-at-law his three sisters, Catherine B. Daly, (known as Sister Bernice,) Mary Daly Fitzgerald, (the appellant,) and Eliza J. Hanlon, and his brother, Matthias B. Daly, to whom the said lot was devised in fee simple provided he should survive the testator ten years. Matthias B. Daly, Jr., died on August 27, 1907, intestate, leaving his father, Matthias B. Daly, and his sisters, Florence M. Daly and Irene M. Daly, his heirs-at-law. Matthias B. Daly did not survive the ten-year period but died on November 16, 1910, leaving as his heirs-at-law his daughters, the appellees, Florence M. Daly and Irene M. Daly, who claimed title as heirs-at-law of their brother, Matthias B. Daly, Jr., and their father, Matthias B. Daly.

The deed was prepared for execution by Henry Schumacher, a notary public, who took directions from Joseph

B. Daly and went to the home of the appellant, where it was signed and acknowledged by the grantor in the presence of the appellant and her husband. The husband, Richard Fitzgerald, gave testimony tending to show that the deed was delivered by pushing it across the table to the appellant and then delivering it to Schumacher for safe keeping, with an agreement that it should not go on record until after the grantor was dead. The appellees were suing as heirs-at-law, and the husband of the appellant was incompetent to testify in her behalf. (*Treleaven* v. *Dixon*, 119 Ill. 548; *Way* v. *Harriman*, 126 id. 132; *Shaw* v. *Schoonover*, 130 id. 448; *Heintz* v. *Dennis*, 216 id. 487.) It is urged that no objection was made on the ground of incompetency of the witness, but the specific objection stated was that Joseph B. Daly was dead, and that could only mean that the husband was not competent for that reason. The only competent testimony as to what occurred when the deed was made and the disposition made of it was that of Schumacher, and he could not remember what was done except that he was to hold the deed until after the death of the grantor and it was not to be recorded before that time, and that he attached a memorandum to the deed that it was not to be recorded until after the death of the grantor. The memorandum was destroyed by Schumacher at the time the deed was delivered to Richard Fitzgerald. Schumacher had had considerable experience in making deeds and thought that he probably instructed the grantor to make delivery of the deed, which was evidently based upon his habit or custom, and that was not sufficient to prove delivery. (*Russell* v. *Mitchell*, 223 Ill. 438.) The deed was not found in the possession of the appellant so that a presumption of delivery would arise from that fact, but it remained with Schumacher eighteen months after the death of the grantor, due, as alleged, to the fact that the location of Schumacher was not known. Delivery is largely a matter of intention, and in case of an actual de-

livery the fact that the grantor afterwards devised the same property to another would not divest title. He remained in possession of the lot up to his death, and all the circumstances, taken in connection with the positive direction that the deed was not to be recorded until after his death, were insufficient to prove a delivery.

It is further argued that if the deed was not delivered the heirs-at-law of Matthias B. Daly, Jr., took nothing because he died before the event upon which the lot was to go to him, and the fee simple estate of Matthias B. Daly having failed, the lot descended to the heirs-at-law of Joseph B. Daly as intestate estate. The argument is upon the ground that an executory devise before the event on which it is limited is never vested but only vests upon the happening of the future contingency. While it is true that an executory devisee does not take a vested interest until the devise takes effect in possession, it is not a mere possibility but is a substantial interest in the estate. (*Waldo* v. *Cummings,* 45 Ill. 421.) If the person who will be entitled to the executory interest cannot be known until the happening of the contingency the executory interest does not pass by descent, but if the identity of the executory devisee is certain, so that upon the happening of the contingency he will take the estate, the future interest descends to his heirs although he may die before the contingency happens. (*Ackless* v. *Seekright,* Breese, 76; *Blackstone* v. *Althouse,* 278 Ill. 481; 11 R. C. L. 484.) In this case there was no uncertainty concerning the person in whom the executory interest would vest if Matthias B. Daly did not survive the ten-year period, and upon the death of Matthias B. Daly, Jr., the interest limited to him by way of executory devise descended to his heirs-at-law.

The decree is affirmed.

*Decree affirmed.*