**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 190077-U

Order filed November 21, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| BRENDA G. ZACK, Individually and as Co-Trustee of the JUNE R. LACKEY AND ROBERT C. LACKEY TRUSTS TRUST, | ) ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Counterdefendant-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0077 Circuit No. 16-CH-105 |
| SUZETTE R. MOOK, Individually and as Co-Trustee of the JUNE R. LACKEY AND ROBERT C. LACKEY TRUSTS TRUST, | ) ) ) ) | |
| Defendant-Counterplaintiff-Appellee. | ) ) | Honorable Adrienne W. Albrecht, Judge, Presiding. |

_____

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court.
Justices Lytton and O'Brien concurred in the judgment.

**ORDER**

¶ 1      *Held*:   The trial court did not (1) err in its interpretation of a trust provision that vested upon the death of the settlor or (2) abuse its discretion in declining to remove a co-trustee following breaches of her fiduciary duty that did not result in either misappropriation of the trust's funds or failure to fulfill her duties as trustee.

¶ 2      Robert and June Lackey, both deceased, established trusts for the benefit of their children and grandchildren. Only the interpretation of June's trust is at issue here. Both trusts named

plaintiff, Brenda G. Zack, and defendant, Suzette R. Mook, as co-trustees. Both plaintiff and defendant are Robert and June's daughters. Robert and June's other daughter, Aloha, predeceased them. Robert and June named Aloha's children, in particular Jeremy Travelstead, as beneficiaries in her place. Robert died in April 2009. June followed in October 2009. Six years later, in November 2015, Jeremy died. Plaintiff and defendant disagreed over the proper distribution of Jeremy's share following his death. Plaintiff argued that June intended the distributions to pass to her descendants, such that Jeremy's share should go to his children. Defendant, looking at the language of the trust instrument, believed the correct interpretation required Jeremy's share to pass to his estate. Amid these events, defendant ran into conflicts with other beneficiaries. Defendant took these matters to court; she received judgments in her favor. Plaintiff filed a motion seeking defendant's removal as co-trustee for alleged breaches of her fiduciary duties. Defendant filed an interpleader seeking a court determination as to who was entitled to Jeremy's share. The court agreed with defendant's interpretation of the provision. It did not find that defendant's behavior warranted her removal as co-trustee. We affirm.

¶ 3                                   I. FACTS

¶ 4        In 1997, Robert and June Lackey won the lottery. They chose to take a payout of their winnings over a period of time that ultimately extended beyond their own lives. They set up living trusts with plaintiff and defendant as co-trustees in order to facilitate the orderly handling of the proceeds. Robert and June were the lifetime beneficiaries of the trusts. After their deaths, the beneficiaries of the trust would be their children and grandchildren. The trusts called for the net proceeds to be paid out to the named children and grandchildren upon the death of the last surviving spouse.

¶ 5        First, Robert passed away in early 2009. In May 2009, June amended her trust to include the following:

> "ARTICLE VI: Upon the death of June R. Lackey, the Co-Trustees named shall distribute any undistributed income and all of the remaining trust principal into three equal shares:
>
> A. One share thereof to Settlor's daughter [plaintiff], or if she is not living, to her descendants who are then living in equal shares, per stirpes.
>
> B. One share thereof to Settlor's daughter [defendant], or if she is not living, to her descendants who are then living in equal shares, per stirpes.
>
> C. One share thereof to the children of Aloha M. Travelstead, the decesased child of Settlor, said children being Edwin L. [*sic*] Travelstead, Jr., Jeremy S. Travelstead, Shannon R. Oddera, and Chad A. Travelstead. In the event any of those children, being my grandchildren, are deceased, the share which he or she would have received shall pass to his or her descendants per stirpes and not per capita."

Robert's trust called for similar distribution except it included a fourth daughter, Robin Johnson. June intentionally excluded Robin from her trust. In October 2009, June passed away.

¶ 6        Jeremy passed away in 2015, six years after Robert and June but before all the proceeds of June's trust were distributed. Plaintiff and defendant argued over the correct distribution of Jeremy's share.

¶ 7    Plaintiff maintained the correct interpretation of the trust resulted in Jeremy's share passing to his children rather than to his estate. She contended this was June's clear intention as stated in the trust document that the funds remain within the lineal descendants of the Lackey family.

¶ 8    Defendant believed plaintiff was mistaken. She argued that Jeremy's interest vested at the time of June's death. Six years elapsed between June's and Jeremy's passing. She noted that June's trust did not provide that, should a beneficiary die during the time of distribution, his share would pass to his descendants. The only survivorship provision related to a beneficiary who passed before June.

¶ 9    In addition to this disagreement, defendant conflicted with plaintiff and other beneficiaries. One conflict resulted in a substantial judgment in defendant's favor. Plaintiff filed this action to remove defendant as trustee. Defendant, in turn, filed an interpleader asking the trial court to determine the distribution of Jeremy's share of the trust proceeds.

¶ 10    In September 2018, the court held a trial to address these claims. Defendant admitted that she conflicted with the other beneficiaries. In 2011, she secured a court judgment against Robin, who committed fraud by signing defendant's name to a check. As a result of this judgment, defendant refused to disburse the 2016 trust lottery income to said beneficiary. She withheld this payment for 12 months before ultimately making the distribution. Defendant pursued legal action against Shannon but the court in that case ruled that the matter was not ripe for litigation. Defendant also quarreled with plaintiff over clearing out June's home upon her death.

¶ 11    The trial court found defendant had, at times, delayed payments to beneficiaries and held on to the funds in order to assert her own claims against them and induce certain behaviors. Defendant had an "exaggerated" understanding of her power as a trustee. The court found that she did not misappropriate any funds or fail to fulfill her responsibilities as a trustee. The trust

administration was nearly complete when this action came before the court. The court did not find the circumstances gave rise to a breach sufficient to remove defendant as co-trustee. With regard to Jeremy's share of the trust, the court found that based on the language of the trust instrument, his interest vested upon the date of June's death. Therefore, Jeremy's estate was entitled to his beneficial interest in the trust.

¶ 12                                    II. ANALYSIS

¶ 13        Plaintiff contends the trial court erred in two ways. First, the trial court ignored June's intention when it found Jeremy's interest should pass to his estate rather than to his children. Second, the trial court abused its discretion in failing to remove defendant as co-trustee after finding that she breached her fiduciary duty.

¶ 14                          A. Trust Provision Interpretation

¶ 15        Illinois law presumes that the settlor of a trust created the instrument in conformity and with knowledge of the law. *Chicago Title & Trust Co. v. Vance*, 175 Ill. App. 3d 600, 604 (1988). "General rules of construction of written instruments apply to the construction of trust instruments, whether they are contracts, deeds, or wills." *Storkan v. Ziska*, 406 Ill. 259, 263 (1950). When a court construes a trust, the challenge is to ascertain the settlor's intent and give it effect. *Harris Trust & Savings Bank v. Beach*, 118 Ill. 2d 1, 4 (1987). "When the language of the document is clear and unambiguous, a court should not modify or create new terms." *Ruby v. Ruby*, 2012 IL App (1st) 103210, ¶ 19. "However, where the language of a trust is ambiguous and the settlor's intent cannot be determined, a trial court may rely on extrinsic evidence to aid construction." *Id.* Language is ambiguous when it is reasonably susceptible to more than one meaning. *Thompson v. Gordon*, 241 Ill. 2d 428, 441 (2011). Both parties agree that we, as the reviewing court, conduct *de novo* review of the trial court's conclusions of law in interpreting the trust document. *Eychaner*

*v. Gross*, 202 Ill. 2d 228, 252 (2002). *De novo* review requires us to perform the same analysis the trial judge would perform. *In re Estate of Agin*, 2016 IL App (1st) 152362, ¶ 17.

¶ 16 Both parties attempt to distinguish *Agin* in their favor. In *Agin*, the decedent had an interest in a land trust created by his settlor-uncle who predeceased him. *Id.* ¶ 5. The trust language at issue stated "[i]n the event of death of said [settlor-uncle] prior to termination of this trust or prior to other disposition of his interest hereunder, then all interest of said [settlor-uncle] shall immediately pass and vest, as follows, per stirpes." *Id.* ¶ 7. The decedent's wife believed the interest should pass to the decedent's estate, as the decedent's interest vested upon his settlor-uncle's death. *Id.* ¶ 5. The decedent's children believed the interest should pass to them, focusing on the *per stirpes* language to indicate the settlor-uncle's intent to keep the interest with the decedent's descendants. *Id.* The probate court declared that, upon the settlor-uncle's death, the decedent's interest vested; the interest belonged to the decedent's estate. *Id.* ¶ 9. The reviewing court stated:

> "[t]he disagreement over the language of the trust appears to center on the timing of the vesting of decedent's interest in the trust. [The children] argue that we must look to the status of the beneficiaries at the time that the property held in the trust was sold, while the probate court looked to the status of the beneficiaries at the time of [settlor-uncle's] death. We agree with the probate court's interpretation." *Id.* ¶ 22.

¶ 17 The children's focus on the phrase "*per stirpes*" was misplaced. The reviewing court explained "the term designates the method of determining how the estate will be divided among those entitled to take—it has no application in determining who those entitled to share in the estate are." *Id.* ¶ 24.

¶ 18     We agree with the trial court here and the reviewing court in *Agin*. The trust language here is unambiguous. It clearly states that those entitled to take were to be determined at the time of June's death. Jeremy's interest vested upon June's death. His estate is entitled to receive the proceeds of the trust. "A remainder interest is vested if there is a present capacity to take effect in possession if the life tenant dies." *Northern Trust Co. v. North*, 73 Ill. App. 2d 469, 486 (1966). Jeremy received the benefit of the trust for six years following June's death. His interest was fully alienable, descendible, and divisible. Jeremy had six years' time to plan for the disposition of his interest in the event of his death. Plaintiff's feelings on where she believes the trust proceeds go are irrelevant here. The court cannot contradict the plain meaning of the provision. The trial court did not err in its interpretation of the trust as a matter of law.

¶ 19          B. Whether the Court Erred in Declining to Remove Defendant as Co-Trustee

¶ 20     A trial court's finding that a trustee has exercised the requisite degree of care will not be overturned unless it is against the manifest weight of the evidence. *Durdle v. Durdle*, 141 Ill. App. 3d 12, 15 (1986). Absent an abuse of discretion, we will not overturn the trial court's decision whether to remove a trustee. *Id.*

¶ 21     Plaintiff cites *In the Matter of the Estate of Hawley*, 183 Ill. App. 3d 107 (1989), to support her contention that the trial court abused its discretion in failing to remove defendant as co-trustee despite its findings that she breached her fiduciary duties. In *Hawley*, the decedent named his nephew, Richard, to serve as executor of his testamentary trust. *Id.* at 108. The trust included real property, which Richard directed to be sold at auction. *Id.* Richard and his son purchased the land, which Richard then rented out to his son. *Id.* The decedent's wife brought the underlying action to have Richard removed. *Id.* The trial court entered an order removing Richard as trustee after finding he did not act in the best interest of the trust income beneficiary by buying the real property

and renting it to his son. *Id.* The reviewing court noted the well-settled principle that a trustee may not engage in self-dealing with the trust or "place h[er]self in a position where [her] interests conflict with those of the trust beneficiaries." *Id.* at 109. The court found that Richard had placed himself in a position where his responsibility to the income beneficiary could be compromised. *Id.* at 110. The lower court did not abuse its discretion in removing Richard as the trustee. *Id.*

¶ 22 Plaintiff also cites *Durdle*, in which a beneficiary contended the trustee was in conflict for failing to report certain income and fees. *Durdle*, 141 Ill. App 3d at 14. After an evidentiary hearing, the circuit court declined to remove the trustee. *Id.* at 15. Although the reviewing court reversed the lower court's findings that the trustee's account was proper, it did not find that the circuit court abused its discretion in declining to remove the trustee. *Id.*

¶ 23 These cases demonstrate that the abuse of discretion standard of review is highly deferential to the lower court's decision. "An abuse of discretion occurs where no reasonable person would agree with the position adopted by the trial court." *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997). "[A] trial court cannot be said to have abused its discretion if reasonable persons could differ as to its decision." *In re Adoption of D.*, 317 Ill. App. 3d 155, 160 (2000). Additionally, removal is an extreme remedy; a court should remove a trustee only if the trustee endangers the trust and removal is necessary to preserve it. *Durdle*, 141 Ill. App. 3d at 15.

¶ 24 Here, the court did not abuse its discretion in declining to remove defendant as trustee. Defendant never misappropriated the trust funds or failed to fulfill her responsibilities to the trust. The only instance of her refusing to make a disbursement was regarding the claim currently before the court. Ultimately, defendant's interpretation of the trust language was correct. Her withholding was justified. There is no evidence of ongoing conflicts between defendant and any of the beneficiaries. Any legal matters have been put to rest. We cannot say that no reasonable person

would agree with the trial court's decision to keep defendant as a co-trustee. The court did not abuse its discretion in making that decision.

¶ 25                              III. CONCLUSION

¶ 26          For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 27          Affirmed.